IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONNA LOUISE KOON**                                                                                           **PLAINTIFF**

V.                                               NO. 4:20-CV-00761-JTK

**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISRATION**                                                   **DEFENDANT**

## ORDER

I.  **Introduction:**

Plaintiff, Donna Louise Koon applied for disability benefits on August 1, 2017, alleging disability beginning September 9, 2016. (Tr. at 16). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Koon's application on July 8, 2019 (Tr. at 27-28). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Koon has requested judicial review.

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

II. **The Commissioner's Decision:**

The ALJ found that Koon had not engaged in substantial gainful activity since the application date of September 9, 2016, with the exception of the period from September 4, 2018 to December 4, 2018, when Koon worked.[2] (Tr. at 19). His remaining findings addressed the

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work23; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant

period she did not perform substantial gainful activity. *Id*.

At Step Two, the ALJ found that Koon had the following severe impairments: morbid obesity, chronic obstructive pulmonary disease (COPD), obstructive sleep apnea, disorder of the back, and disorder of the bilateral hips. *Id.*

At Step Three, the ALJ determined that Koon's impairments did not meet or equal a listed impairment, including Listing 3.02 for Chronic Respiratory Disorders. (Tr. at 19); 20 C.F.R. Part 404, Subpt. P, Appendix 1 (20 C.F.R. §§ 404.1520 and 416.920). Before proceeding to Step Four, the ALJ determined that Koon had the residual functional capacity ("RFC") to perform work at the light level, with additional limitations: (1) she could no more than occasionally climb ramps and stairs; (2) she could never climb ladders, ropes, or scaffolds; (3) she could no more than occasionally stoop, kneel, crouch, and crawl; and (4) she should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. (Tr. at 21).

At Step Four, he ALJ determined that Koon could return to her past relevant work as a poultry eviscerator and fast food worker. (Tr. at 26-27). Therefore, the ALJ concluded that Koon was not disabled. *Id.*

**III.   Discussion:**

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial

---

from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Koon's Arguments on Appeal

Koon contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that the ALJ should have found that she met Listing 3.02, and that he did not properly evaluate her treating APRN's medical opinion. The Court finds support for Koon's first argument.

While Koon alleged several impairments, her COPD is the basis for this reversal, so the Court limits its discussion thereto.[3]

---

[3] *See Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020)("Although our detailed discussion is targeted, we have considered her arguments and the record as a whole as to all of her impairments and their

Koon was a heavy smoker for decades, but she tried to quit using a variety of methods, and she had cut her consumption by more than half at the time of the hearing. (Tr. at 47-50). She had a history of chronic and aggravated COPD, and she used oxygen at night and an inhaler, as well as homeopathic remedies for her pulmonary problems. (Tr. at 47-50, 467).

In July 2018, Koon reported to her PCP that she had shortness of breath, and she was diagnosed with COPD exacerbation and drug-resistant pneumonia; her PCP prescribed Levaquin and Prednisone. (Tr. at 615-620).

While clinical examinations sometimes showed that Koon's lungs were clear (Tr. at 564-566) a spirometry test (pulmonary function test) showed she had a severe condition. On May 17, 2019, she gave good effort at the breathing test, and her results were as follows:

$FEV_1$ of 1.61, 1.41, 1.39 before the use of a bronchodilator[4]

$FEV_1$ of 1.33, 1.36, 1.41 after the use of a bronchodilator

(Tr. at 560). The technician noted that Koon, who was 48 years old, had a lung age of over 84. *Id*. Her COPD risk was "Very High," even if she quit smoking. *Id.* The clinical interpretation of the test was "moderately severe obstruction, with low vital capacity; post bronchodilator test was not improved." *Id*.

Koon argues that her $FEV_1$ scores mean that she met Listing 3.02 (Chronic Pulmonary Disorders). Listing 3.02 requires:

"Evidence of a chronic respiratory disorder with one of the following:

---

cumulative effect on her limitations."

[4] A bronchodilator is a drug or tool that increases airflow. https://my.clevelandclinic.org/health/treatments/17575-bronchodilators--asthma.

4

  A) $FEV_1$ less than or equal to the value in Table 1-A or I-B for the claimant's age, gender and height without shoes,

  B) FVC less than or equal to the value in Table II-A or II-B for the claimant's age, gender, and height without shoes; or

  C) chronic impairment of gas exchange."

20 C.F.R. Part 404, Subpt. P, Appendix 1, 3.02.

  The ALJ wrote that "in order to meet the Listing, at paragraph A, the claimant would require a $FEV_1$ of less than or equal to 1.45 liters *after administration of a bronchodilator*." (Tr. at 20). That number is the threshold set forth in Listing 3.02, based on Koon's age, gender, and height. The ALJ then wrote that her $FEV_1$ was 1.61 liters pre-bronchodilator and 1.41 liters post-bronchodilator. *Id*. He used the highest score from each series of tests, which is appropriate based on the Listings regulations, but his wording was unclear. The ALJ wrote that the $FEV_1$ is the measurement *after the administration of a bronchodilator*. (Tr. at 20). And Koon's post-bronchodilator $FEV_1$ measurements were all below the Listings threshold of 1.45. The ALJ reasoned that because one out of six scores (1.61) was above the threshold, Koon did not meet the Listing. But the post-bronchodilator scores were all below the Listings threshold, and the balance of the report shows Koon had a moderately severe obstruction with low vital capacity, not improved by the use of the bronchodilator. (Tr. at 560). *See Ashley v. Astrue*, NO: 2:10-cv-00190-JTR, 2012 U.S. Dist. LEXIS 41416 (E.D. Ark. March 27, 2012) (where two pulmonary function tests were contradictory, and medical evidence showed severe pulmonary conditions, and the ALJ's Step Three reasoning was "questionable," reversal was required).

  The ALJ's statement about the Listing was unclear. It was a misstatement, which requires

remand for further administrative development, and a better explanation by the ALJ of why Koon did not meet the Listing.

### IV. **Conclusion:**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ erred at Step Three. The decision is hereby reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 4th day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE